(4 App. Div. 412.)

PEOPLE v. GUMAER.

(Supreme Court, Appellate Division, Third Department. April 27, 1896.)

SEDUCTION—ADMISSIONS BY DEFENDANT.

An admission by defendant, in a prosecution for seduction under promise of marriage, that he had sexual intercourse with complainant, is not an admission of the alleged seduction.

On reargument. For decision on appeal, see 30 N. Y. Supp. 17.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

John W. Lyon, for appellant.
John P. Roosa, Jr., for the People.

HERRICK, J. This is an appeal from a judgment of conviction upon an indictment charging the defendant with seduction under promise of marriage. The court, in delivering its charge to the jury, among other things, said: "Upon the question of seduction, you will have no difficulty in arriving at your decision. The prisoner admits it." And, again, in speaking of the testimony of the complaining witness, the court said: "It is true that, in answer to the counsel of the defendant, she says she was raped. That has nothing to do with your decision of the case. It is a question of seduction; and, as that is admitted, of course the language she used will have nothing at all to do with the case." I do not think it profitable to set forth in detail the testimony of the complaining witness and of the defendant as to what took place between them. Suffice it to say that the defendant did not admit the seduction. He admitted having had sexual intercourse with the complaining witness, but not of having seduced her. Merely having sexual intercourse with a female does not constitute seduction. "In order to constitute seduction, the defendant must use insinuating arts to overcome the opposition of the seduced, and must, by his wiles and persuasions, without force, debauch her." Hogan v. Cregan, 6 Rob. (N. Y.) 138–150. The admission of the defendant is to a plain, simple case of fornication, with no wiles, arts, or persuasion on his part. Indeed, if his story is to be believed, he was almost, if not quite, invited and provoked to the act. I do not, by anything I have said, mean to intimate that I believe the evidence of the defendant to be true, but simply to say that he did not, by his evidence, admit the seduction, as stated by the trial court.

The question of seduction is one that, upon all the evidence, should have been submitted to the jury, and the court, by its charge, took it from their consideration when it charged that it was admitted; and for that error the judgment of conviction should be reversed, and a new trial granted. All concur.